UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

LESLIE B. LEWIS,

              Debtor.

Chapter 7
Case No. 14-30096 (MSH)

## TRUSTEE'S OBJECTION TO CLAIMS

      Alan L. Braunstein, Chapter 7 Trustee ("**Trustee**") hereby objects to the following

claims, as follows:

| **Creditor** | **Amount** |
| --- | --- |
| Claim No. 1 | $54,712.33 |

Internal Revenue Service ("**IRS**")
1550 Main Street, Room 113
Springfield, MA 01103

### Reason for Objection

      The Trustee objects to the claim of the IRS in the amount of $54,712.23 on the grounds

that the claim appears to be based on a personal assessment against the Debtor but for which

there is no accounting or basis of the assessment; nor is there any breakdown as to what portion

of the claim is based on penalties and interest on such penalties, which would be subordinated

under section 726(a)(5). Moreover, given that such claim is for an alleged 100% penalty there is

no indication of whom else may have been or may be personally liable or for whom there may be

claims of contribution if the claim was paid by the Debtor. Further, the Trustee has reason to

believe that the Debtor was not the only principal liable for the taxes assessed against the Debtor

and that the other principals of the Debtor's business left the Debtor personally responsible for

more than $500,000.00 in personal liabilities with no ability to pay such claim or taxes.

Moreover, two of the Debtor's former partners somehow convinced the Debtor to release them

from liability in connection with litigation for contribution for another joint obligation apparently

without consideration. Finally, upon information and belief from parties having personal

knowledge the Debtor was impaired during the time the penalties were assessed. Accordingly

the Debtor may never have been property served and certainly lacked any ability – both

financially and from the severity of the alleged significant impairment to respond or otherwise

defend the assessment and its propriety. Accordingly, the Trustee deems that the assessment was

absent information to the contrary, unfairly and inappropriately made solely against the Debtor

having no ability to dispute the assessment and no ability to repay while under duress insulating

the other insider who left the Debtor and the business without any means to facilitate payment or

otherwise capable of responding to the assessments.

**Proposed Disposition**

The IRS claim should be disallowed in its entirety unless it can provide evidence

sufficient to rebut the allegations reduced by and at a minimum penalties and interest subsumed

within the assessment. Alternatively, if the assessment was arbitrary and without the Debtor's

ability to competently respond, the claim should be re-assessed against the other principal with

the wherewithal to pay the obligations who availed himself of the Debtor's unwitting and

inexplicable release of non-tax contribution claims.

| **Creditor** | **Amount** |
|---|---|
| Claim No. 3 | $49,901.80 |

American InfoSource LP
As agent for Midland Funding LLC
P.O. Box 268941
Oklahoma City, OK 73126-8941

**Reason for Objection**

The Trustee objects to the claims of American InfoSource LP on the grounds that (1) there is insufficient documentation to support the claim; and (2) the claim is barred by the statute of limitations.

**Proposed Disposition**

The claim of American InfoSource LP should be disallowed in their entirety.

| **Creditor** | **Amount** |
|---|---|
| Claim Nos. 5, 7 & 8 | $31,394.74 (total) |

American Express Centurion Bank
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

**Reason for Objection**

The Trustee objects to the claims of American Express Centurion Bank on the grounds that (1) there is insufficient documentation to support any of the claims; and (2) the claims are barred by the statute of limitations.

Additionally, there is no ability to determine if the claims are duplicative.

**Proposed Disposition**

The claims of American Express Centurion Bank should be disallowed in their entirety.

| **Creditor** | **Amount** |
|---|---|
| Claim Nos. 9 and 11 | $49,504.82 |

PYOD, LLC its successors and assigns
As assignee of FNBM, LLC
Resurgent Capital Services

P.O. Box 19008
Greenville, SC 29602

**Reason for Objection**

The Trustee objects to the claims of PYOD, LLC on the grounds that (1) there is insufficient documentation to support the claims; and (2) the claims are barred by the statute of limitations. Additionally, there is no ability to determine if the claims are duplicative.

**Proposed Disposition**

The claims of PYOD, LLC should be denied in their entirety.

| **Creditor** | **Amount** |
|---|---|
| Claim No. 10 | $1,167.28 |

Merrick Bank
Resurgent Capital Services
P.O. Box 19008
Greenville, SC 29602

**Reason for Objection**

The Trustee objects to the claim of Merrick Bank/Resurgent Capital Services on the grounds that (1) there is insufficient documentation to support the claim; and (2) the claim is barred by the statute of limitations. Additionally, there is no ability to determine if the claims are duplicative.

**Proposed Disposition**

The claim of Merrick Bank/Resurgent Capital Services should be denied in their entirety.

| **Creditor** | **Amount** |
| --- | --- |
| Claim No. 13 | $1,228.85 |

Boston Private Bank & Trust Company
Ruberto, Israel & Weiner, P.C.
225 State Street, 7th Floor
Boston, MA 02109
Attn: Brendan C. Recupero, Esq.

**Reason for Objection**

The Trustee objects to claim #13 on the grounds that upon information and belief by the Debtor, the claim has been paid.

**Proposed Disposition**

The claim should be disallowed in its entirety.

| **Creditor** | **Amount** |
| --- | --- |
| Claim No. 17 | $12,369.92 |

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Reason for Objection**

The Trustee objects to the claim of the Mass DOR in the amount of $12,369.92 on the grounds that the claim appears to be based on personal assessment against the Debtor for which there is no accounting or basis of the assessment, nor is there any breakdown as to what portion of the claim is based on penalties and interest on such penalties. Moreover, given that such claim is for priority there is no indication of whom else may be personally liable or from whom there may be claims of indemnification or contribution, if the claim were paid by the Debtor. Moreover, at least one other principal of the Debtor's business who was fully engaged in its

operations, derived all the benefit of such business leaving the Debtor personally responsible for all such liabilities.  Accordingly, the Trustee deems that the assessment was unfairly and inappropriately made against the Debtor having no assets or ability to respond, defend or pay the obligations rather than the other insider of the business who left the Debtor to become general manager of a Major League Baseball Franchise and convinced the Debtor without consideration to release any non-tax claims of contribution against him.  The claim also appears to be time-barred.

## Proposed Disposition

The claim should be disallowed.

| Creditor | Amount |
|---|---|
| Claim No. 18 | $18,675.21 |

Toyota Motor Credit Corporation
P.O. Box 8026
Cedar Rapids, Iowa 52408-8026

## Reason for Objection

The Trustee objects to the claim of Toyota on the grounds that (1) the claim is time-barred; (2) upon information and belief provided to the Trustee by Debtor's former spouse, (who is referenced by the Debtor as paying the filing fee on his schedules), such claim has been paid; and (3) upon information from the Debtor the Claim was resolved when the Debtor surrendered the lease and leased a new Toyota post-discharge.  Moreover, the Trustee is aware that the Debtor drove to the continued 341 meeting 6 months after the Petition Date in the vehicle noted in the claim and apparently has utilized and effectively reaffirmed the obligation which has presumptively been paid.

**Proposed Disposition**

The claim should be disallowed.

The Trustee reserves the right to file any additional objections to unsecured claims and to
administrative claims.

WHEREFORE the Trustee prays that each of the objections noted herein be sustained.


Dated:  October 5, 2016

**ALAN L. BRAUNSTEIN, CHAPTER 7 TRUSTEE
IN BANKRUPTCY FOR LESLIE B. LEWIS**

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO#546042)
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108
Telephone: (617) 523-9000
abraunstein@riemberlaw.com


2036648.2