# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| LESLIE B. LEWIS, | ) | Case No. 14-30096-MSH |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER RE: TRUSTEE'S OBJECTION TO CLAIMS

This matter having come before the court pursuant to the Objections to Claims filed by the Trustee, Alan L. Braunstein (the "Trustee") (the "Objections"), notice having been given of the Objections, the response deadline of November 18, 2016, and the hearing date, the Report and Hearing Agenda (the "Agenda") having been filed, and in consideration of the Trustee's proposed disposition of the Objections as set forth in the Agenda, it is here ordered as follows:

**Internal Revenue Service ("IRS"), Claim No. 1**

The hearing on the Objection to Claim No. 1 of the IRS set for December 5, 2016 is continued to January 9, 2017 at 2:30 p.m. before Judge Hoffman sitting in Springfield so as to permit the Trustee a brief period of time to further attempt to reconcile or resolve the claim and objection thereto.

**American InfoSource LP, Claim No. 3**

No response having been filed or received by the Trustee to his Objection to Claim No. 3 of American InfoSource LP, the claim of American InfoSource LP is hereby disallowed in its entirety.

**American Express Centurion Bank ("American Express"), Claim Nos. 5, 7, and 8**

The Trustee having been timely contacted by American Express, and American Express thereafter providing requested documentation to support each of its claims, the Objection has been resolved and the aggregate amount of $31,394.75 for the entirety of the three claims of American Express Centurion Bank is allowed.

**Resurgent Capital Services ("Resurgent"), Claim No. 9**

The Trustee received documentation from the bankruptcy representative of Resurgent Capital attempting to address the Objection to the claims of Resurgent. Based on the Trustee's proposed disposition, Resurgent Capital's Claim No. 9 is allowed in the sum of $555.00 (five hundred and fifty dollars).

**Merrick Bank/Resurgent Capital, Claim No. 10**

As the Trustee did not receive a sufficient response to his Objection to Claim No. 10 and no response having been filed with the Court, the claim of Merrick Bank/Resurgent Capital, Claim No. 10, is disallowed in its entirety.

**PYOD, PYOD, LLC, its successors and assigns and assignee of FNBBM, LLC Resurgent Capital Services ("PYOD"), Claim No. 11**

As the Trustee did not receive a sufficient response to his Objection to Claim No. 11 of PYOD and no response having been filed with the Court, the claim of PYOD is disallowed in its entirety.

**Boston Private Bank, Claim No. 13**

As no response was received or filed with the Court by Boston Private Bank to the Trustee's Objection to Claim No. 13, the claim of Boston Private Bank is disallowed in its entirety.

**Massachusetts Department of Revenue ("MDOR") (Priority Claim), Claim No. 17**

The MDOR has agreed with the Trustee to seek a further extension to submit a proposed resolution to the Court. Accordingly, the hearing on the Objection to Claim No. 17 set for December 5, 2016 is continued to January 9, 2017 at 2:30 p.m. before Judge Hoffman sitting in Springfield.

**Toyota Motor Credit Corporation ("Toyota"), Claim No. 18**

As no response was received or filed with the Court by Toyota, Claim No. 18, the claim of Toyota, which was late-filed, is disallowed in its entirety.

By the Court,

*/s/ Melvin S. Hoffman*     12/02/2016

Melvin S. Hoffman
United States Bankruptcy Judge